## Commonwealth ex rel., Appellant, *v.* McClure.

*Liquor law—Mandamus to county treasurer—Acts of April* 3, 1872, *P. L.* 843, *May* 13, 1887, *P. L.* 108, *and June* 8, 1893, *P. L.* 345.

A mandamus under the Act of June 8, 1893, P. L. 345, to the county treasurer, to compel the issuance of a liquor license, will not be granted where the petition shows that the right claimed was based exclusively on petitioner's compliance with the terms of the Act of April 3, 1872, P. L. 843, without any compliance with the requirements of the Act of May 13, 1887, P. L. 108.

Submitted Oct. 29, 1902.  Appeal, No. 84, Oct. T., 1902, by plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1902, No. 204, dismissing petition for mandamus in case of Commonwealth ex rel. Theodor Weiss v. Thomas G. McClure, Treasurer of Allegheny County.  Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Petition for mandamus.

The petition was as follows :

That he is a citizen of the United States, of temperate habits and good moral character.

That he now conducts and is the keeper of a tavern and eating house. at No. 73 Frankstown avenue, nineteenth ward, city of Pittsburg, county of Allegheny, and state of Pennsylvania, and is desirous of continuing said business and of obtaining a

license so to do, under the several acts of assembly of Pennsylvania, in such case made and provided, for said purpose, and to vend and sell, at retail, vinous, spirituous, malt or brewed liquors, at his said place of business, as aforesaid.

That being so desirous of obtaining a license, he presented to Thomas G. McClure, Esq., treasurer of Allegheny county, Pennsylvania, his application therefor, and at the same time did tender to said county treasurer the sum of $300, legal tender notes of the United States of America, that being the exact amount required in this case under the provisions of the act of assembly of Pennsylvania, approved April 3, 1872; and at the same time did notify said county treasurer that he stood ready to give, at the time of receiving said license, sufficient freehold security to the said commonwealth of Pennsylvania, with two sufficient sureties, in the sum of $2,000, agreeably to the provisions of section 8 of said act.   And this being done on April 23, 1902, at the office of said treasurer in the courthouse, said county, and the term for which petitioner was desirous for said license to issue was from May 1, 1902, to May 1, 1903, or the term of one year, and petitioner did in all manner and things comply with the acts of assembly in such case made and provided.

That said Thomas G. McClure, county treasurer, as aforesaid, disregarding his duty as prescribed by the several acts of assembly in force on the subject, did then and there, to wit: at the county aforesaid, on April 23, 1902, refuse to issue a license to your petitioner, as by your petitioner then and there lawfully demanded.

Your petitioner, showing to this honorable court that he has complied with all the requrements of the acts of assembly on the subject, and that he has a specific legal right to demand and receive a license to vend and sell vinous, spirituous, malt or brewed liquors, at retail, at his place of business, No. 73 Frankstown avenue, nineteenth ward, city of Pittsburg, county of Alleheny, and state of Pennsylvania, as aforesaid; and that he is without an adequate remedy by an action at law after the refusal to grant a license, as aforesaid.

He, therefore, prays that a mandamus may be issued, etc.

The court refused the petition.

*Error assigned* was order refusing the petition.

*L. C. Barton*, for appellant.

No counsel appeared for appellee.

PER CURIAM, November 11, 1902:

Relator presented a petition for a mandamus to be directed to the county treasurer to issue to him a license to sell liquor at retail, etc.   The prayer of the petition was refused, and the errors assigned to the refusal appear to be based on the provisions of the mandamus Act of June 8, 1893, P. L. 345, which appellant urges are mandatory on the court to issue the writ, " if such petition presents the substance of a case for mandamus."

The petition, however, did not present a case for mandamus, inasmuch as it sets forth the right claimed as based exclusively on petitioner's compliance with the terms of the Act of April 3, 1872, P. L. 843.   The court was entitled to take judicial notice that the granting of licenses is now regulated by the Act of May 13, 1887, P. L. 108, compliance with the requirements of which was not alleged.

Appeal dismissed with costs.